[Cite as *State v. Lightner*, 2009-Ohio-2307.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  6-08-15

    v.

STEVEN LIGHTNER, JR.,           O P I N I O N

    DEFENDANT-APPELLANT.


**Appeal from Hardin County Common Pleas Court
Trial Court No. 20082134 CRI**

**Judgment Affirmed**

**Date of Decision:   May 18, 2009**


**APPEARANCES:**

    *Scott B. Johnson*  for Appellant

    *Bradford W. Bailey*  for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Steven Lightner, Jr. ("Lightner") appeals from the December 17, 2008 Judgment Entry of the Court of Common Pleas, Hardin County, Ohio. Lightner was convicted of one count of Receiving Stolen Property, in violation of R.C. 2913.51(A),(C), a felony of the fourth degree, one count of Grand Theft, in violation of R.C. 2913.02(A)(1),(B)(2), a felony of the fourth degree, and one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1),(B)(1), a felony of the second degree. Lightner received a total prison sentence of seven years and ten months.

{¶2} These charges arise from an incident occurring on August 27-28, 2008. It appears that sometimes during the late evening hours of August 27, 2008, Lightner, his brother Jesse Lightner, John Byers, and JJ Kougher were involved in the theft of a four year old utility dump trailer from a residence in Hancock, County, Ohio. After stealing the trailer, they moved it to a residence in Hardin County, Ohio, and parked it behind the residence.

{¶3} After storing the trailer in Hardin County, the Lightner brothers tried to find a buyer for the stolen trailer. The Lightners approached several people concerning purchasing the trailer, but were unable to find a buyer.

{¶4} At the same time, JJ Kougher was doing remodeling work on the bathroom of Rusty Ohler. JJ Kougher told Ohler he could borrow the trailer, and

instructed Ohler to pick up the trailer to haul away some waste from the remodeling job.

{¶5} Once Ohler picked up the dump trailer, he was subsequently stopped by the police because the trailer did not have a license plate. After the traffic stop, it was determined that the VIN numbers on the trailer being towed, by Ohler, without a license plate matched those of the stolen Hancock County trailer.

{¶6} On July 8, 2008 Lightner was indicted on one count of Receiving Stolen Property, in violation of R.C. 2913.51(A),(C), a felony of the fourth degree; one count of Tampering with Evidence, in violation of R.C. 2921.12(A)(1),(B), a felony of the third degree; one count of Breaking and Entering, in violation of R.C. 2911.13(A), a felony of the fifth degree; one count of Breaking and Entering, in violation of R.C. 2911.13(B), a felony of the fifth degree; one count of Grand Theft, in violation of R.C. 2913.02(A)(1),(B)(2), a felony of the fourth degree; and one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1),(B)(1), a felony of the first degree.

{¶7} Lightner was arraigned on July 17, 2008 and entered a plea of not guilty to each count of the indictment.

{¶8} A jury trial was held on December 15, 2008. At trial, the first count of Breaking and Entering was dismissed for insufficient evidence at the State's concession. After deliberation, the jury found Lightner not guilty of the charge of

Tampering with Evidence, and the second count of Breaking and Entering. However, Lightner was found guilty of one count of Receiving Stolen Property, in violation of R.C. 2913.51(A),(C), a felony of the fourth degree, one count of Grand Theft, in violation of R.C. 2913.02(A)(1),(B)(2), a felony of the fourth degree, and one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32(A)(1),(B)(1), a felony of the second degree.

{¶9} On December 17, 2008 Lightner was sentenced. The trial court found that the counts of Receiving Stolen Property and Grand Theft were allied offenses and proceeded to sentencing only on the charge of Grand Theft. Lightner was sentenced to a prison term of ten months on his conviction for Grand Theft to run consecutively to a prison term of seven years on his conviction for of Engaging in a Pattern of Corrupt Activity.

{¶10} Lightner now appeals, asserting two assignments of error.

**ASSIGNMENT OF ERROR I**
**THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S CRIMIMAL [SIC] RULE 29 MOTION FOR ACQUITTAL, AS THE EVIDENCE TO SUPPORT A CONVICTION UNDER SECTION 2923.32 OF THE OHIO REVISED CODE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THE "ESSENTIAL ELEMENT" OF TWO PREDICATE OFFENSES AND THE EXISTENCE OF AN "ENTERPRISE."**

**ASSIGNMENT OF ERROR II**
**THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY THAT THE PREDICATE ACTS REQUIRED FOR A CONVICTION AS TO A VIOLATION OF SECTION 2923.32**

**OF THE OHIO REVISED CODE MUST ALSO BE PROVEN BEYOND A REASONABLE DOUBT AND THAT UN-INDICTED OFFENSE MAY BE USED AS PREDICATE OFFESES.**

{¶11} In his first assignment of error, Lightner argues that the trial court erred in denying his Crim. R. 29 motion at the close of the State's case with respect to his conviction for Engaging in a Pattern of Corrupt Activity pursuant to R.C. 2923.32(A)(1),(B)(1). As an initial matter, we note that Lightner's appeal does not concern his convictions for Receiving Stolen Property or Grand Theft. Lightner does not appear to dispute those convictions.

{¶12} Crim.R. 29(A) provides:

**The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.**

{¶13} A trial court should not grant a Crim.R. 29 motion for acquittal if "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt * * *." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263, 381 N.E.2d 184. However, this Court has previously held that the *Bridgeman* standard "must be viewed in light of the sufficiency of evidence test put forth in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus." *State v. Foster* (Sept. 17, 1997), Seneca App. No. 13-97-09. Thus, "[t]he relevant inquiry is whether, after viewing

the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks,* 61 Ohio St.3d 259 at paragraph two of the syllabus.

{¶14} Specifically, Lightner argues that evidence introduced at trial with respect to the charge of Engaging in a Pattern of Corrupt Activity was insufficient to prove two predicate offenses and the existence of an enterprise. Engaging in a Pattern of Corrupt Activity is defined by R.C. 2923.32(A)(1), as follows:

> **(A)(1) No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.**

R.C. 2923.31(C) defines "enterprise" as the following:

> **\* \* \* any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. 'Enterprise' includes illicit as well as licit enterprises.**

Finally, R.C. 2923.31(E) defines "pattern of corrupt activity" to mean:

> **two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.**

{¶15} R.C. 2923.32 defines "corrupt activity" as "engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in \* \* \* conduct constituting" one of the predicate

offenses listed in R.C. 2923.31(I)(2). See, *State v. Adkins*, 136 Ohio App.3d 765, 737 N.E.2d 1021, 2000-Ohio-1656; *State v. Schlosser* (1997), 79 Ohio St.3d 329, 335, 681 N.E.2d 911, 915-916, 1998-Ohio-716.

{¶16} Although the predicate acts in R.C. 2923.31 need not be supported by convictions, their occurrence must at least be proven beyond a reasonable doubt. See *State v. Lightner*, 3rd Dist. No. 6-08-11, 2009-Ohio-544; *State v. Burkitt* (1993), 89 Ohio App.3d 214, 222-23, 624 N.E.2d 210. In addition, the State must set forth the requisite predicate acts in the indictment that it intends on using as the foundation for a R.C. 2923.32 offense. *State v. Warden,* 6th Dist. No. WD-03-065, 2004-Ohio-6306, ¶ 48. This Court has previously stated that "where a defendant is required to defend himself against additional unindicted predicate offenses, he should be notified of such by identification of those charges within the indictment." *State v. Roberson,* 3rd Dist. No. 5-02-45, 2003-Ohio-4627, ¶ 13, quoting *State v. Siferd,* 3rd Dist. No. 151 Ohio App.3d 103, 2002-Ohio-6801, 783 N.E.2d 519, ¶ 23.

{¶17} In the indictment, the State offered the following to establish the pattern of corrupt activity:

> **§2913.51(A),(C), Receiving Stolen Property[F4]; §2921.12(A)(1),(B), Tampering with Evidence[F3]; §2911.13(A), Breaking and Entering[F5]; § R.C. 2911.13(B), Breaking and Entering[F3]; §2913.02(A)(1),(B)(2), Grand Theft[F4], Theft offenses in municipal courts of Ohio; thefts [sic] of Motor Scooter on or about May 4, 2003, and Receiving Stolen**

> **Property, namely, ATV's on or about March 2, 2007 through and including March 31, 2007**

{¶18} Therefore, we find that Lightner was provided notice, in the indictment, that the State would attempt to use both a 2003 incident involving the theft of motor scooters and a 2007 incident involving the theft of ATVs as predicate offenses. Moreover, Lightner concedes that the theft of the dump trailer was a single instance of corrupt activity. However, Lightner contends that the State failed to establish, beyond a reasonable doubt, a second instance of corrupt activity sufficient to support his conviction for Engaging in a Pattern of Corrupt Activity.

{¶19} At trial, the following testimony was offered by Detective Coffman of the Kenton City Police department.

> **Bailey: [D]id you specifically investigate a case of stolen motor scooters involving Steve Lightner, Jr. and his brother Jesse Lightner?**
>
> **Coffman: I was not the lead investigator on it, I did assist in that case.**
>
> **Bailey: Alright. And you are familiar, though, with it, correct?**
>
> **Coffman: That is correct.**
>
> **Bailey: And that occurred on or about May 4th, 2003?**
>
> **Coffman: Yes**
>
> **Bailey: And is that date of any necessary, specific importance to the Lightners?**

**Coffman: Jesse's eighteenth birthday.**

**Bailey: So on his eighteenth birthday he and his brother Stevie, Jr. were stealing motor scooters, correct?**

**Coffman: Correct.**

**Bailey:  They were, I think, ultimately convicted of that, correct?**

**Coffman: Yes.**

**Bailey:  Additionally, were you one of the detectives assisting Detective Baum on what I call the ATV cases on or about March 2nd, 2007 up through and including March 31st, 2007.**

**Coffman: Yes.**

**Bailey: And you assisted the Hardin County Sheriff's Department in that case?**

**Coffman:  That is correct.**

**Bailey: And who all was involved in stealing some ATVS?**

**Coffman: That was Jesse Lightner, Stevie Lightner, Bubba,[1] and Ben Fowler.**

**Bailey: Alright. And when you say Stevie Lightner, you're talking about Stevie Lightner, Jr.?**

**Coffman: Yes.**

**Bailey: And specifically, also in the current case which is what we call, I guess, the trailer case stemming from August 27th and August 28th of 2007, who was your investigation, what did it entail as far as who was all involved in this?**

---

[1] Testimony was given at trial that "Bubba" referred to John Byers.

**Coffman: Investigation from sources involved in the crimes said it was Jeremy Wyomic, Bubba, Jess, and Stevie Lightner, Jr..**

**Bailey: Alright. And the same Stevie Lightner, Jr. that you interviewed the one that's involved in all these prior crimes, is he in the courtroom today?**

**[Detective Coffman identifies Steven Lightner.]**

(Tr.p.173-175).

{¶20} Lightner argues that the State was required to submit certified copies of his convictions to prove either the 2003 or 2007 incidents as predicate offenses. However, Lightner misconstrues this Court's statement in *State v. Lightner*, 2009-Ohio-544. In *Lightner*, this Court did not find it dispositive that a copy of the defendant's conviction was not introduced. Failure to introduce a copy of the defendant's conviction was one of many factors at issue in *Lightner*. Moreover, in *Lightner*, the predicate offense that the State attempted to rely upon was not mentioned in the indictment and the jury was not instructed that it could consider such offense as a predicate offense.

{¶21} In the present case, Lightner was informed though the indictment that the State was prepared to use both the 2003 and the 2007 incidents to establish predicate offenses. Moreover, when viewing the testimony in a light most favorable to the prosecution, the proper standard when reviewing a Crim. R. 29 motion, there was sufficient evidence introduced to prove the predicate offense

with respect to the 2003 incident. Finally, the jury was properly instructed that it could consider the 2003 and 2007 incidents as predicate offenses, which will be discussed more fully in the next assignment of error. Accordingly, Lightner's first assignment of error is overruled.

{¶22} In his second assignment of error, Lightner argues that the trial court did not properly instruct the jury as to the standard of proof for the predicate acts required to find a violation of R.C. 2923.32 and that the trial court did not properly instruct the jury as to what could be considered as a predicate offense.

{¶23} As an initial matter, we note that Lightner did not object to the instructions when they were given by the trial court. "The failure to object to a jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Underwood* (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, at syllabus. Absent plain error, the failure to object to improprieties in jury instructions, as required by Crim.R. 30, is a waiver of the issue on appeal. *State v. Underwood*, 3 Ohio St.3d at 13 citing *State v. Williams* (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364.

{¶24} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, 2002-

Ohio-68. The Ohio Supreme Court, in *Barnes,* articulated a three part test for the finding of plain error.

> **First, there must be an error, *i.e.,* a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.**

*Barnes*, 94 Ohio St.3d at 27 (internal citations omitted).

{¶25} Thus, "[o]nly extraordinary circumstances and the prevention of a miscarriage of justice warrant a finding of plain error." *State v. Brown,* 3rd Dist. No. 8-02-09, 2002-Ohio-4755 citing *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.

{¶26} Generally, a trial court has broad discretion to decide how to fashion jury instructions. The trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." *State v. Comen* (1990), 50 Ohio St.3d 206, 553 N.E.2d 640, paragraph two of the syllabus.

{¶27} In the present case, Lightner argues that the trial court erred by failing to instruct the jury as to whether it could consider an unindicted offense as a basis for a conviction under R.C.2923.32, and that the trial court erred by failing

to instruct the jury that it must find the predicate offenses beyond a reasonable doubt.

**{¶28}** This Court has stated that the only way to ensure that the State has satisfied its burden in proving the predicate acts occurred beyond a reasonable doubt is with the trial court's jury instructions. *State v. Lightner*, 2009-Ohio-544, ¶17. See also, *State v. Reyes,* 6th Dist. No. WD-03-059, 2005-Ohio-2100, ¶ 29, citing *State v. Stacy,* 12th Dist. No. CA2002-03-073, 2003-Ohio-3695, ¶ 7.

**{¶29}** In the present case, the jury was instructed, in pertinent part, as follows:

> **Count six: Steven Lightner, Jr., from on or about May 4th, 2003 through on or about March 31st, 2008, in a continuing course of criminal conduct between Hancock County and Hardin County, Ohio, while employed by or associated with an enterprise, did conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity, to wit: receiving stolen property, tampering with evidence, breaking and entering, breaking and entering, grand theft, theft offenses in municipal courts of Ohio, thefts of motor scooters on or about May 4th, 2003, receiving stolen property, namely ATVs on or about March 2nd, 2007 through and including March 31st, 2007 in violation of Ohio Revised Code Section 2923.32A1B1, engaging in a pattern of corrupt activity.**
>
> **\*\*\***
>
> **The Defendant is charged in count six of the indictment with engaging in a pattern of corrupt activity. Before you can find the Defendant guilty, you must find *beyond a reasonable doubt* that the Defendant, from on or about May 4th, 2003 through on or about March 31st, 2008, and in a continuing course of criminal conduct between Hardin County and Hancock County**

**in Ohio, while employed by or associated with an enterprise, conducted or participated in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.**

**\*\*\***

**A finding of a pattern of corrupt activity requires proof of a least two incidents of corrupt activity within six years of each other. . . Corrupt activity means engaging in, attempting to engage in, conspiring to engage in, soliciting, coercing or intimidating another person to engage in theft, receiving stolen property, grand theft of a motor vehicle, tampering with evidence, breaking and entering, and intimidation of an attorney, victim, or witness in a criminal case.**

**\*\*\***

**If you find that the State proved *beyond a reasonable doubt* all of the essential elements of the offense of engaging in a pattern of corrupt activity, your verdict must be guilty.**

(Tr.p. 233-244).[2]

{¶30} Viewing these jury instructions, we note that the trial court specifically instructed that the unindicted offenses could be considered as predicate offenses. The trial court gave the specific dates of the offenses, and then stated that offenses found to be predicate offenses, occurring within a certain time period, had to be proven beyond a reasonable doubt. Even if properly objected to, this court would be unable to find error in these instructions. Accordingly, Lightner's second assignment of error is overruled.

---

[2] The trial court's jury instructions for Engaging in a Pattern of Corrupt Activity are analogous to those provided in the Ohio Jury Instructions, Section 523.32(A)(1).

**{¶31}** Based on the foregoing, the December 17, 2008 Judgment Entry of the Court of Common Pleas, Hardin County, Ohio is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs.**

**/jlr**

**ROGERS, J., dissents.**

**{¶32}** I respectfully dissent from the opinion of the majority. I would first find that there was insufficient evidence of two predicate offenses. It is my position that either the State had to offer evidence as to the facts of each prior offense sufficient for this jury to find beyond a reasonable doubt that Appellant was guilty of the two prior offenses, or the State must prove the prior convictions by providing certified copies of the judgments in those cases. The State did neither in this case. The only evidence offered by the State was that a detective said he investigated two prior offenses. The State failed to prove the facts of each prior case. The detective then claimed that Appellant was convicted of those offenses.

**{¶33}** R.C. 2945.75(B)(1) discusses proof of prior convictions and provides:

> **Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction**.

Here, the detective's conclusory statement that Appellant was convicted was insufficient for purposes of proving a prior conviction pursuant to R.C. 2945.75(B)(1). I would, therefore, sustain the first assignment of error, which would render the second assignment of error moot.

{¶34} However, because the majority addressed the second assignment of error, I will also comment. It appears that the instructions to the jury generally included the necessary considerations,[3] but that the trial court erred when it read the indictment to the jury. While this may not be error in every case, it was error here because the indictment contained allegations of other crimes or bad acts which were not proven and were unfairly prejudicial to Appellant. Furthermore, the trial court's definition of corrupt activity was not limited to the two specific predicate activities upon which the majority relies. Instead, the trial court included references to other crimes such as soliciting and intimidation which had no relevance in this trial, and were again unfairly prejudicial to Appellant.

---

[3] While the majority finds the jury instructions to have been "analogous" to 4 Ohio Jury Instructions (2008), Section CR 523.32(A)(1), there were departures which I find to be significant.