[Cite as *State ex rel. Doe v. Smith,* 123 Ohio St.3d 44, 2009-Ohio-4149.]

THE STATE EX REL. DOE, APPELLANT AND CROSS-APPELLEE, *v.* SMITH, CHIEF,

ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *State ex rel. Doe v. Smith,* 123 Ohio St.3d 44, 2009-Ohio-4149.]

*Abuse-of-discretion standard is applied in appeals of judgments granting or*
  *denying fees in public-records cases — R.C. 149.43(C) — Attorney-fee*
  *award, statutory damages, and costs.*

(No. 2008-2471 ─ Submitted August 11, 2009 ─ Decided August 25, 2009.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Clermont County,

No. CA2008-01-006.

_____

**Per Curiam.**

{¶ 1}   This is an appeal and cross-appeal from a judgment granting a writ of mandamus to compel appellees and cross-appellants, Pierce Township Police Chief James T. Smith and the Pierce Township Board of Trustees, to produce certain records relating to an alleged incident or offense and awarding appellant and cross-appellee, John Doe ("appellant"), statutory damages of $1,000, attorney fees of $2,000, and expenses in the amount of $500.  We hold that the court of appeals did not abuse its discretion in awarding statutory damages and attorney fees in the stated amounts and affirm the judgment.  We dismiss the cross-appeal as moot insofar as it challenges the court's grant of the writ, and we reverse the judgment of the court of appeals in awarding expenses exceeding the $125 in costs paid for the court of appeals filing fee.

**Incident and Juvenile Court Letter**

{¶ 2}   In December 2006, the Community Journal Clermont published a summary of police reports for Pierce Township.  The newspaper's summary included a reported arrest or citation of a 14-year-old boy for aggravated arson for

an incident in which a fire was set in a bedroom at 996 East Legendary Run in Pierce Township on December 4, 2006.

{¶ 3}   On November 6, 2007, Chief Deputy Clerk Teresa Boothby of the Clermont County Juvenile Court sent a letter to the Pierce Township Police Department informing the department that the juvenile court had sealed the records involving the juvenile who was allegedly involved in the December 4, 2006 aggravated-arson incident:

{¶ 4}   "You are hereby advised that the above charge(s) involving the above name[d] juvenile have been sealed per R.C. 2151.356.  As directed by that statute, all records, including fingerprints, photos, and offense reports within your possession are to be sent to the Clermont County Juvenile Court, attention of Expungement/Sealing Clerk.  Furthermore, the individual's name shall be deleted from any indexes or journals.  After this date, no information shall be released regarding this individual or the circumstances of the above charge(s)."

{¶ 5}   Appellant is an Ohio citizen and a resident and taxpayer of Pierce Township.  On November 29, 2007, attorney Curt C. Hartman, on behalf of appellant, hand-delivered a request to Smith to permit him to inspect and copy "any incident or offense report, including any narrative supplements, for any incident or offense that allegedly occurred at 996 East Legendary Run on December 4, 2006," and "any record documenting any incident or offense that allegedly occurred at 996 East Legendary Run on December 4, 2006."  Hartman also noted, "If no such records exist, please advise."

{¶ 6}   The next day, on November 30, 2007, Smith responded to appellant's request by stating, "There is no information available."  At the time the records were requested, Smith had possession of them, but based on the juvenile court's letter, he believed that the records relating to the juvenile charges had been sealed and that he was not permitted to release any information.  In

December 2007, Smith sent the pertinent records to the juvenile court in accordance with the court's instructions, keeping redacted copies.

{¶ 7} In response to a mid-December 2007 request by a Cincinnati Enquirer reporter for police incident reports relating to 996 East Legendary Run in Pierce Township, Smith sent the redacted offense report. When asked at his deposition why he had responded differently to the two public-record requests, Smith said that this was the first time he had received a juvenile-court directive to seal a case, so he was unsure what information he could release. He further stated that each time he received a public-record request for the sealed information, he contacted the juvenile court deputy clerk and his township counsel for advice on how to respond.

### Mandamus Case

{¶ 8} After Smith's refusal to provide access to the requested records, appellant filed a complaint in the Court of Appeals for Clermont County for a writ of mandamus to compel Smith and the Pierce Township Board of Trustees (collectively, "cross-appellants") to make the requested records available for inspection and copying. Appellant also sought statutory damages, attorney fees, and costs. Cross-appellants filed an answer, and the parties submitted motions for summary judgment.

{¶ 9} The court of appeals granted appellant's motion for summary judgment, denied cross-appellants' motion for summary judgment, and granted a writ of mandamus to compel cross-appellants "to produce all public records required by law in response" to appellant's November 2007 request and ordered that if the records requested were not produced in whole or in part, cross-appellants were to provide appellant with an explanation, including legal authority, for the denial. The court of appeals held that although it was reasonable for Smith to have believed – based on the juvenile court's letter – that he could not furnish the requested records to appellant, he nevertheless had violated R.C.

149.43(B) by failing to provide a sufficient explanation, with legal authority, for the denial. The court of appeals also awarded statutory damages of $1,000 to appellant and assessed costs against cross-appellants. Finally, the court of appeals instructed appellant that he could submit documentation in support of an award of attorney fees.

{¶ 10} Appellant submitted the requested documentation in support of his request for attorney fees and litigation expenses. Appellant requested $16,875 in attorney fees and $1,033.84 in litigation expenses. The litigation expenses included $125 for the court of appeals filing fee. Appellant later requested additional attorney fees for supplemental filings. The court of appeals awarded appellant $2,000 in attorney fees and $500 in litigation expenses.

{¶ 11} This cause is now before the court upon an appeal and cross-appeal as of right.

### Cross-Appeal

{¶ 12} In their cross-appeal, Smith and the board challenge the propriety of the court of appeals' grant of the writ of mandamus as well as the court's award of attorney fees, statutory damages, and expenses.

{¶ 13} Insofar as their cross-appeal challenges the issuance of the writ of mandamus to compel Smith and the board to provide the requested records, it is moot because they have now provided the records. "In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14. This claim is also not one that is capable of repetition, yet evading review. The challenged action is not always so short in duration to prevent it from being fully litigated before its cessation or expiration, and there is no reasonable expectation that these parties will be subject to the same action again so as to require additional public-records litigation. See *State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d

4

165, 2009-Ohio-590, 902 N.E.2d 976, ¶ 11. Notably, this is neither a courtroom-closure case nor a case in which a hearing transcript was sought. Cf. id. at ¶ 12.

{¶ 14} Therefore, we dismiss the cross-appeal as moot to the extent that it challenges the issuance of the writ of mandamus. The cross-appeal remains viable insofar as it contests the court's award of attorney fees, statutory damages, and litigation expenses.

### Attorney-Fee Award — Standard of Review

{¶ 15} Notwithstanding appellant's claims to the contrary, we have consistently held, " 'In an appeal of a judgment granting or denying fees in a public records case, we review whether the court abused its discretion.' " *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24, quoting *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 314, 750 N.E.2d 156. "An abuse of discretion means an unreasonable, arbitrary, or unconscionable action." *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 59.

{¶ 16} Appellant argues that based on our plenary authority in extraordinary-writ cases, we should instead review his request for attorney fees de novo, with no deference to the court of appeals' ruling. "The court's plenary authority generally refers to our ability to address the merits of a writ case without the necessity of a remand if the court of appeals erred in some regard." *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.* (2000), 88 Ohio St.3d 577, 579, 728 N.E.2d 395; see also *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 49. There is no indication that a remand is required for any error by the court of appeals here, and we note that our exercise of plenary authority is not automatic; it is within our discretion.

{¶ 17} Therefore, because we find no viable reason in this case to depart from the general abuse-of-discretion standard for reviewing an attorney-fee award

in a public-records case, we decline to invoke our plenary authority to review the fee award de novo.

## Attorney-Fee Award – Mandatory or Discretionary

{¶ 18} "Ohio has long adhered to the 'American rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover fees as part of the cost of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. An exception to this general rule is that attorney fees may be awarded to a prevailing party when a statute specifically authorizes it. Id.

{¶ 19} Prior to September 29, 2007, R.C. 149.43(C) provided that a person allegedly aggrieved by a public office's failure to make available for inspection a public record could commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with the public-records law and that "awards * * * reasonable attorney's fees to the person that instituted the mandamus action."

{¶ 20} In construing this provision, we held that "[a]warding 'attorney fees in public records cases is discretionary and is to be determined by the presence of a public benefit conferred by [the] relator seeking the disclosure. Moreover, since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure may also be considered.' " *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 58, 741 N.E.2d 511, quoting *State ex rel. Multimedia, Inc. v. Whalen* (1990), 51 Ohio St.3d 99, 100, 554 N.E.2d 1321; see also *State ex rel Fox v. Cuyahoga Cty. Hosp. Sys.* (1988), 39 Ohio St.3d 108, 111-112, 529 N.E.2d 443.

{¶ 21} "Effective September 29, 2007, R.C. 149.43 was amended, and subsection (C) now provides new standards for awarding attorney fees in public-records mandamus cases." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 48. Because

this case was filed and pertains to a records request made after the effective date of the amendment, the amended version of R.C. 149.43 applies here. This amendment "[s]pecifies certain circumstances in which a court must award statutory damages or reasonable attorney's fees to the aggrieved person in a mandamus action, and certain circumstances in which a court may reduce or deny an award of statutory damages or attorney's fees to the aggrieved person." LSC Final Bill Analysis of Sub.H.B. 9, 126th General Assembly, http:// www.legislature.state.oh.us/analysis.cfm?ID=126_HB_9&ACT=AsEnrolled&hf =analyses126/06-hb9-126.htm.

{¶ 22} R.C. 149.43(C), as amended, authorizes an award of reasonable attorney fees in a public-records mandamus case:

{¶ 23} "(2)(b) If the court renders a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, *the court may award reasonable attorney's fees subject to reduction as described in division (C)(2)(c) of this section.* The court shall award reasonable attorney's fees, subject to reduction as described in division (C)(2)(c) of this section when either of the following applies:

{¶ 24} "(i) The public office or the person responsible for the public records failed to respond affirmatively or negatively to the public records request in accordance with the time allowed under division (B) of this section.

{¶ 25} "(ii) The public office or the person responsible for the public records promised to permit the relator to inspect or receive copies of the public records requested within a specified period of time but failed to fulfill that promise within that specified period of time.

{¶ 26} "(c) *Court costs and reasonable attorney's fees awarded under this section shall be construed as remedial and not punitive.* Reasonable attorney's fees shall include reasonable fees incurred to produce proof of the reasonableness and amount of the fees and to otherwise litigate entitlement to the fees. *The court*

*may reduce an award of attorney's fees to the relator or not to award attorney's fees to the relator if the court determines both of the following*:

**{¶ 27}** "(i) That, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with division (B) of this section and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with division (B) of this section;

**{¶ 28}** "(ii) That a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records as described in division (C)(2)(c)(i) of this section would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct." (Emphasis added.)

**{¶ 29}** Appellant asserts that this amendment legislatively supersedes our caselaw holding that an award of attorney fees to prevailing parties in public-records mandamus cases is discretionary and that an award is now mandatory. In assessing R.C. 149.43, as amended, "our paramount concern is the intent" of the General Assembly in enacting it. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 17. "Determining this intent requires us to read words and phrases in context and construe them in accordance with rules of grammar and common usage." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 11.

**{¶ 30}** After reviewing the pertinent language of R.C. 149.43(C)(2) here in accordance with these interpretative rules, we conclude that appellant's

assertion lacks merit. Aside from the two instances requiring attorney-fee awards set forth in the statute, which are inapplicable here, R.C. 149.43(C)(2)(b) specifies that "the court *may* award reasonable attorney's fees subject to reduction as described in division (C)(2)(c) of this section." (Emphasis added.) The "usage of the term 'may' is generally construed to render optional, permissive, or discretionary the provision in which it is embodied." *State ex rel. Niles v. Bernard* (1978), 53 Ohio St.2d 31, 34, 7 O.O.3d 119, 372 N.E.2d 339; *Natl. City Bank v. Beyer* (2000), 89 Ohio St.3d 152, 159, 729 N.E.2d 711.

{¶ 31} In fact, when the General Assembly has intended to require an award of attorney fees in its amendment to R.C. 149.43, it has done so with specific language, by stating in the same subsection that the "court *shall* award reasonable attorney's fees, subject to reduction as described in division (C)(2)(c) of this section," when there is no timely response to a public-records request or there is a failure to provide access to the requested records within a prescribed period of time. (Emphasis added.) R.C. 149.43(C)(2)(b); see also *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 23 (the word "shall" requires a mandatory construction).

{¶ 32} Moreover, the mere fact that the amended version of R.C. 149.43 now specifies that "reasonable attorney's fees awarded under this section shall be construed as remedial and not punitive" does not warrant a different result. In interpreting the previous version of R.C. 149.43, we did not base our conclusion that the award is discretionary on our interpretation of the award as punitive. Rather, we noted only that " 'since the award is punitive, reasonableness and good faith of the respondent in refusing to make disclosure' " may be considered by a court in determining whether to award attorney fees. *Maurer*, 91 Ohio St.3d at 58, 741 N.E.2d 511, quoting *Multimedia*, 51 Ohio St.3d at 100, 554 N.E.2d 1321; see also *Fox*, 39 Ohio St.3d at 112, 529 N.E.2d 443.

**{¶ 33}** Appellant next asserts that insofar as an attorney-fee award under R.C. 149.43 is discretionary, courts can consider only the factors specified in R.C. 149.43(C)(2)(c)(i) and (ii) to reduce or deny an award. Again, however, appellant misreads the plain language of the statute. Under R.C. 149.43(C)(2)(b), courts in public-records cases "*may* award reasonable attorney's fees subject to reduction as described in division (C)(2)(c)." (Emphasis added.) The factors specified in R.C. 149.43(C)(2)(c)(i) and (ii) are considered after a court makes an initial, tentative decision to award fees. Therefore, consistent with existing precedent, courts can consider the presence of a public benefit conferred by the relator seeking disclosure. *Fox*, 39 Ohio St.3d at 112, 529 N.E.2d 443; *Toledo Blade*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 49, quoting *State ex rel. Wadd v. Cleveland* (1998), 81 Ohio St.3d 50, 54, 689 N.E.2d 25 (" 'In granting or denying attorney fees under R.C. 149.43(C), courts consider * * * the degree to which the public will benefit from release of the records in question' ").

**{¶ 34}** In addition, although our precedent indicates that a court's consideration of the reasonableness of the public office's failure to comply with the public-records request is part of the court's discretionary attorney-fee determination because the award was punitive, the amended statute's declaration that an attorney-fee award is remedial and not punitive does not remove this consideration from the analysis. In fact, a respondent's reasonableness in denying a records request is subsumed in the R.C. 149.43(C)(2)(c)(i) factor concerning whether "based on the ordinary application of statutory law and case law as it existed" at the time of the rejection of the request, "a well-informed public office or person responsible for the requested public records reasonably would believe" that the denial "did not constitute a failure to comply" with the Public Records Act.

**{¶ 35}** Finally, R.C. 149.43, as amended, does not preclude courts from considering all relevant factors, including those specified in Prof.Cond.R. 1.5, to determine the reasonableness of a fee award.

**{¶ 36}** Therefore, appellant's arguments regarding the mandatory nature of the fee award and the exclusivity of the statutory factors to determine whether to award attorney fees or to calculate the appropriate amount lack merit.

### Fee Award — Propriety of Court of Appeals' Determination

**{¶ 37}** In applying the foregoing pertinent factors, we hold that the court of appeals did not act unreasonably, arbitrarily, or unconscionably in awarding appellant only $2,000 in attorney fees.

**{¶ 38}** First, although Smith's response to appellant's request failed to comply with R.C. 149.43(B), by the time Smith and the board submitted their summary-judgment motion, they had provided a statutorily sufficient reason for the denial of the request. As the court of appeals found, the minimal public benefit from appellant's public-records action had been achieved at that point.

**{¶ 39}** Second, Smith acted reasonably and in good faith in refusing appellant's records request based on the advice of counsel and the juvenile court's letter instructing the police department not to release information concerning the juvenile or the circumstances of the charges against the juvenile. The letter was sufficient to compel the police chief to comply with the confidentiality requirements of an apparent juvenile-court sealing order. See R.C. 2151.357(B) ("an order to seal under section 2151.356 of the Revised Code applies to every public office or agency that has a record relating to the case, regardless of whether it receives notice of the hearing on the sealing of the record or a copy of the order"). That is, a well-informed public office reasonably would believe that a denial of appellant's records request would not violate R.C. 149.43(B). R.C. 149.43(C)(2)(c)(i). In fact, a well-informed public office would reasonably

believe that providing the requested records would violate the juvenile court's apparent sealing order.

{¶ 40} Third, a well-informed public office reasonably would believe that its refusal of appellant's records request would serve the public policy that underlies a juvenile-court sealing order. See R.C. 2151.356 and 2151.357; R.C. 149.43(C)(2)(c)(ii). Juvenile-court confidentiality provisions protect the welfare of children. See generally *In re T.R.* (1990), 52 Ohio St.3d 6, 15, 556 N.E.2d 439, and authorities cited therein.

{¶ 41} Fourth, as the court of appeals determined, a reduction in the requested fee award was further justified because attorney Hartman's hourly rate of $250 was "at the very top of the acceptable range for similar legal services in [the] area," and he "charged the same hourly rate for clerical and ministerial duties such as drafting notices of and scheduling depositions." See Prof.Cond.R. 1.5(a)(1) and (3).

{¶ 42} Finally, there is no indication that the court of appeals failed to state a sufficient basis for its fee determination so as to deprive this court of a meaningful opportunity to review it. Cf. *Bittner v. Tri-County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464 ("When making a fee award pursuant to R.C. 1345.09(F)(2) [of the Consumer Sales Practice Act], the trial court must state the basis for the fee determination. Absent such a statement, it is not possible for an appellate court to conduct a meaningful review"); *Motorist Ins. Cos. v. Shields* (Jan. 29, 2001), Athens App. No. 00CA26, 2001 WL 243285, * 8, fn. 3, and cases cited therein (courts of appeals applying *Bittner* to fee determinations in cases outside the Consumer Sales Practice Act). Nor is there any indication that the court failed to apply the appropriate law in its fee determination. *Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (presumption of regularity attaches to all court proceedings). The court of appeals was not required to engage in any additional "lodestar calculation or analysis."

**{¶ 43}** Moreover, to the extent that Smith and the board contend in their cross-appeal that the court of appeals erred in awarding *any* attorney fees to appellant, they also have not established an abuse of discretion. Smith's response that there was "no information available" to appellant's records request violated R.C. 149.43(B)(3) because he did not give appellant "an explanation, including legal authority, setting forth why the request was denied." As the court of appeals properly observed, "[h]ad Smith complied with the statute and advised [appellant] that the charges had been sealed by the Clermont County Juvenile Court, and that he had been instructed to send all records and related information to the court, the matter could have been further pursued by relator. A proper response may well have rendered the present litigation unnecessary." The minimal public benefit achieved by the mandamus case on this point justified the award of minimal attorney fees by the court of appeals.

**{¶ 44}** Therefore, the court did not abuse its discretion in awarding appellant $2,000 in attorney fees.

### Statutory Damages

**{¶ 45}** The court of appeals did not err in awarding appellant $1,000 in statutory damages for Smith's failure to provide a sufficient explanation for his denial of the records request until he and the board filed their summary-judgment motion referring to the juvenile court's letter to the police department. R.C. 149.43(C)(1) provides for statutory damages of $100 for each business day during which the public office failed to comply with the public-records law, up to a maximum of $1,000. More than ten business days elapsed from the date the mandamus case was filed to when appellant received a statutorily sufficient explanation, and the $1,000 maximum award represented "compensation for injury arising from lost use of the requested information," with the "existence of this injury * * * conclusively presumed." R.C. 149.43(C)(1).

### Litigation Expenses

**{¶ 46}** The court of appeals erred in awarding appellant $500 in litigation expenses. Aside from the $125 for the court filing fee to be assessed as costs, appellant was not entitled to the recovery of litigation expenses as costs. "Costs" is not synonymous with "litigation expenses" unless specified by statute or rule. *State ex rel. Inskeep v. Staten* (1996), 74 Ohio St.3d 676, 678-679, 660 N.E.2d 1207. R.C. 149.43 does not include litigation expenses as recoverable costs for prevailing parties in public-records cases. Litigation expenses are thus not recoverable. *Icsman*, 92 Ohio St.3d at 318, 750 N.E.2d 156.

### Conclusion

**{¶ 47}** The court did not abuse its discretion in awarding appellant $2,000 in attorney fees and $1,000 in statutory damages. Therefore, we affirm the judgment of the court of appeals regarding the award of attorney fees and statutory damages. In addition, we reverse the judgment of the court of appeals insofar as the court awarded appellant litigation expenses beyond the filing fee he paid. Finally, we dismiss as moot the cross-appeal to the extent that it challenges the court of appeals' issuance of the writ of mandamus.

Judgment accordingly.

MOYER, C.J. and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and KBH Law Office and Kari B. Hertel, for appellant and cross-appellee.

Surdyk, Dowd & Turner Co., L.P.A., Robert J. Surdyk, and Kevin A. Lantz, for appellees and cross-appellants.

_____