[Cite as *State v. Holmes*, 2011-Ohio-5848.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96479**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DESMON HOLMES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-502442

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH   44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   T. Allan Regas
          Kristen L. Sobieski
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Desmon Holmes appeals the decision of the trial court in Cuyahoga County Court of Common Pleas Case No. CR-502442 in which the trial court dismissed Holmes's petition for postconviction relief without an evidentiary hearing. For the following reasons, we affirm.

{¶ 2}  On July 17, 2008, a jury found Holmes guilty of rape and kidnapping, and the trial court sentenced him to a ten-year term of imprisonment.  Holmes directly appealed his conviction in *State v. Holmes*, Cuyahoga App. No. 91948, 2009-Ohio-3736

("*Holmes I*"). Holmes included an assignment of error challenging the efficacy of his trial counsel in *Holmes I,* because of his trial counsel's alleged failure to subpoena two EMS technicians who would have testified that the victim related a different version of the incident than the one related at trial. This court overruled his assignment of error, holding that trial counsel made a tactical decision to introduce the inconsistencies through the EMS report rather than through live testimony. Id. at ¶ 44.

{¶ 3} Subsequent to his appeal, Holmes timely filed a petition for postconviction relief pursuant to R.C. 2953.21, arguing that his trial counsel rendered ineffective assistance by failing to retain an expert to review the state's expert report from the Bureau of Criminal Investigations ("BCI") and medical records from the victim's treating doctor. The trial court dismissed Holmes's petition without hearing based on the doctrine of res judicata. Holmes timely appealed the decision, raising one assignment of error, which provides as follows: "[Holmes] was denied due process of law when the court dismissed his petition for post-conviction relief based upon a flawed analysis of res judicata." Holmes argues that the trial court improperly applied the doctrine of res judicata because the grounds for granting relief upon Holmes's petition for postconviction relief were based on evidence outside the trial record. His argument is without merit.

{¶ 4} A trial court's decision to deny a postconviction petition without a hearing is reviewed under the abuse of discretion standard. *State v. Abdussatar*, Cuyahoga App. No. 92439, 2009-Ohio-5232, at ¶ 15. The term "abuse of discretion" means "an unreasonable, arbitrary, or unconscionable action." *State ex rel. Doe v. Smith*, 123 Ohio

St.3d 44, 47, 2009-Ohio-4149, 914 N.E.2d 159. It is "a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence." (Citations and quotations omitted.) *State v. Hancock*, 108 Ohio St.3d 57, 77, 2006-Ohio-160, 840 N.E.2d 1032.

{¶ 5} R.C. 2953.21 (A)(1)(a), governing postconviction petitions, provides the following:

> **"Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."**

{¶ 6} The trial court must determine whether there are substantive grounds for relief, when considering the supporting affidavit and other documentary evidence filed in support of the claim, prior to setting the matter for hearing. R.C. 2953.21(C) and (E).

{¶ 7} Trial courts may dismiss a petition for postconviction relief without hearing if the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief and the operation of res judicata prohibits the claims advanced in the petition. *State v. Betts*, Cuyahoga App. No. 92780, 2010-Ohio-438, ¶ 26-27.

{¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of

conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. An exception exists, however, when a petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal. *Betts*, 2010-Ohio-438, ¶ 25; *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362.

{¶ 9} In *Holmes I*, Holmes raised as an assignment of error a claim for ineffective assistance of counsel. Holmes is prohibited from relitigating, in a postconviction proceeding, any claim or defense that could have been raised in the direct appeal. *Betts*, 2010-Ohio-438, ¶ 25. Therefore, the dispositive issue is whether the evidence underlying Holmes's claim of ineffective assistance of counsel, raised in his petition, was in existence and available in time to support the direct appeal in *Holmes I*.

{¶ 10} Holmes's sole contention in his petition for postconviction relief is that his trial counsel rendered ineffective assistance by failing to retain a defense expert to review the state's expert report from the BCI and medical records from the victim's treating hospital and instead solely relied on cross-examination to challenge the prosecution's expert evidence. Holmes could have included this ineffective assistance of counsel claim with the one raised on direct appeal. The fact underlying the claim, that no expert testified for the defense, was available at the time of his direct appeal. In light of that, he is precluded from raising the issue in his petition for postconviction relief.

**{¶ 11}** We find that Holmes did not set forth sufficient operative facts to establish substantive grounds for relief or any reason to avoid the application of res judicata. The trial court did not therefore err by dismissing Holmes's petition for postconviction relief without holding a hearing. Holmes's sole assignment of error is overruled.

**{¶ 12}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR