[Cite as *State v. Allen*, 2012-Ohio-1193.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96952**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LAWRENCE ALLEN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546418

**BEFORE:** S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 22, 2012

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, OH    44119

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Donna Blough Thomas
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Appellant Lawrence Allen appeals his conviction for criminal nonsupport in violation of R.C. 2919.21(B), with a prior felony conviction for nonsupport, a felony of the fourth degree. For the following reasons, we affirm.

**{¶2}** Allen pleaded guilty to the nonsupport violation. At Allen's change of plea hearing, the trial court advised him of the "bad time" provisions under which his sentence could be extended for 30, 60, or 90 days based on violations committed while incarcerated. The trial court detailed Allen's previous probation violations and conviction for nonsupport and noted that Allen has a history of noncompliance with court orders. Allen served nine months in prison on his previous nonsupport violation. We also note that there are undeveloped references in the record to Allen being coerced into the plea in the hallway of the courthouse, prior to his plea hearing. The trial court sentenced Allen to 18 months of incarceration, fined him $250, and ordered him to pay restitution in the amount of $23,876.84 and court costs. Allen timely appealed his conviction, raising three assignments of error. We will address each in turn.

**{¶3}** Allen's first assignment of error provides as follows: "The appellant's plea was not knowingly, intelligently, and voluntarily given under Crim.R. 11 and the Fourteenth Amendment of the federal constitution." Allen's first assignment of error is without merit.

**{¶4}** We review de novo the trial court's acceptance of a plea. *State v. Sample*, 8th Dist. No. 81357, 2003-Ohio-2469, ¶ 4. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. We will not reverse such a determination if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 479 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance * * * when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892, *2 (Sept. 29, 1994), citing *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982), paragraph one of the syllabus. Furthermore, a defendant must show a prejudicial effect, or, in other words, whether the plea would have otherwise been made. *Id.*

**{¶5}** Allen argues that the trial court erred in advising him of the "bad time" provisions because R.C. 2967.11 has been repealed, and in basing the restitution amount on the amount of arrearage at the time of sentencing rather than the amount owed at the time the plea was entered. Both arguments fail to address the prejudicial effect, if any, on Allen.

{¶6} In order to demonstrate that he was prejudiced by the trial court's advisement, Allen must show that he would not have pleaded guilty had the error been corrected. No such showing was made. In fact, the trial court's erroneous reference to the repealed statutory scheme did not affect the terms of the plea. Not being subject to the repealed R.C. 2967.11 has no bearing on his plea or sentence, and Allen has not otherwise shown prejudice by the erroneous notification.

{¶7} Finally, although Allen agreed to the lesser amount of restitution at his change of plea hearing, Allen never objected to the trial court's including the $1449.40 of additional arrearage from the intervening months between the plea and the sentencing hearing, and he does not argue the additional amount is not owed. Inasmuch as Allen attempted to argue ineffective assistance of counsel for failing to address the restitution amount, his entire argument on ineffective assistance of counsel provides: "To the extent that counsel did not correct the judge or object to the misinformation, the error is plain error under Crim.R. 52 and counsel was ineffective under the Sixth and Fourteenth Amendments of the federal Constitution." Here again, Allen does not dispute the additional arrearage owed. We are unable to find counsel's performance was deficient or that any prejudice occurred in light of that omission. Allen's first assignment of error is overruled.

{¶8} Allen's second assignment of error provides as follows: "The trial court erred to the prejudice of the appellant when it failed to consider his present and future ability to pay the financial sanctions of $23,876.84 in restitution, court costs of $554.00 and a

$250.00 fine under R.C. 2929.19(B)[(5)] and the Fourteenth Amendment of the federal constitution." At the plea hearing, Allen agreed to pay $22,427.44 in restitution, representing the amount owed for past child support. Allen's sole argument is that the trial court failed to consider his present and future ability to pay financial sanctions. His second assignment of error is without merit.

{¶9} We review the trial court's imposition of fines and restitution under the abuse of discretion standard. The term abuse of discretion means "an unreasonable, arbitrary, or unconscionable action." *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶ 15. Before imposing the restitution as part of the financial sanction, authorized pursuant to R.C. 2929.18(A)(1), a trial court must also consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(5). The failure to object to the amount of the fine at a time when the trial court could correct that error constitutes a waiver of all but plain error. *State v. Barker*, 8th Dist. No. 93574, 2010-Ohio-4480, ¶ 11. Further, if the parties stipulate to the restitution amount, the defendant is precluded from raising the court's failure to determine his ability to pay as an assigned error. *State v. Hody*, 8th Dist. No. 94328, 2010-Ohio-6020, ¶ 25.

{¶10} In this matter, Allen stipulated as to the amount of restitution during his plea colloquy. Allen specifically agreed to pay $22,427.44 in restitution as part of his plea deal. The court did not need to determine his ability to pay because Allen agreed to pay restitution, and the trial court did not err when it failed to specifically adjudicate the

issue of ability to pay. The only difference between the amount Allen stipulated to at the plea and sentencing was an additional $1,449.40 that reflected the intervening months between hearings for which Allen failed to pay support. The court also required Allen to pay $554.00 for court costs and a $250.00 fine. Allen's failure to object to the inclusion of the additional support owed waived all but plain error.

{¶11} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Plain error exists only if 'but for the error, the outcome of the trial clearly would have been otherwise, and is applied under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). Allen did not dispute that he owed the additional child support payments. Considering the facts of this case, the additional months being included as restitution for the current case did not promote a manifest miscarriage of justice. Further, the fact that Allen was willing to pay more than $20,000 as restitution is an indication that the imposition of $774.00 for court costs and a fine is not promoting a manifest miscarriage of justice. Allen's second assignment of error is overruled.

{¶12} Allen's third assignment of error provides as follows: "The trial court's imposition of the maximum period of incarceration for a fourth degree non violent [sic] felony is not clearly and convincingly supported by the record." Allen argues that because the state sought community control sanctions, because he is a nonviolent

offender, and because the state will spend more incarcerating him for the 18 months than he owes for restitution, the trial court erred in imposing the maximum prison term for a fourth degree felony. *See* R.C. 2929.14(A)(1). His third assignment of error is without merit.

{¶13} "A trial court possesses broad discretion to impose a prison sentence within the statutory range. In order to find an abuse of discretion, we must find that the trial court's attitude was unreasonable, arbitrary, or unconscionable." (Internal citations omitted.) *State v. Broom*, 8th Dist. No. 95965, 2011-Ohio-4952, ¶ 17, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "R.C. 2929.13(B) creates a preference for (but not a presumption in favor of) community control (formerly probation) for lower-level felonies [and also] allows, but does not mandate, findings before imprisonment for felonies of the fourth or fifth degree * * *." *Id.,* citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 43. Trial courts have full discretion to impose a prison sentence within the statutory range. *Id.* at ¶ 18.

{¶14} Contrary to Allen's argument, we need not speculate as to the trial court's motivation in imposing the maximum prison sentence. The trial court summarized Allen's proclivity to ignoring his legal support obligations and terms of probation in other cases. The trial court highlighted the fact that Allen previously spent nine months in jail for violating probation on another nonsupport case. The trial court was motivated by Allen's likely recidivism. Further, the prison sentence was within the statutory range and not contrary to law, and the court indicated it considered all factors required by law.

Having offered no other arguments to substantiate his claims, Allen's third assignment of error is overruled.

{¶15} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR