[Cite as *Ponzi v. Trimboli*, 2014-Ohio-2600.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LOUIS PONZI, JR. | ) | CASE NO. 13 MA 43 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DOMINIC TRIMBOLI | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                                                      Pleas of Mahoning County, Ohio
                                                      Case No. 09 CV 4169

JUDGMENT:                                  Reversed and Modified.

APPEARANCES:

For Plaintiff-Appellant:                 Louis Ponzi, Jr., Pro se
                                                      #544332
                                                      A.C.I. 5B-130T
                                                      P.O. Box 4501
                                                      Lima, Ohio  44406

For Defendant-Appellee:              Atty. James S. Gentile
                                                      The Liberty Bldg.
                                                      42 N. Phelps St.
                                                      Youngstown, Ohio, 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                                      Dated:  June 13, 2014

WAITE, J.

{¶1} Pro se Appellant Louis D. Ponzi appeals the decision of the Mahoning County Court of Common Pleas awarding him $177.62 in a case alleging breach of fiduciary duty and conversion against Appellee Dominic Trimboli. The case was heard before a magistrate, who awarded Ponzi $22,177.62. Part of the award was based on an alleged sum of cash Ponzi gave to Trimboli, with instructions to turn over $10,000 of the cash to pay Ponzi's attorney. The trial judge modified the magistrate's decision and deducted the entire $22,000 in cash that Appellant testified was given to Appellee. The crux of this appeal is whether the trial court was correct in deducting the entire disputed sum. We agree with Appellant that the trial court's calculation is incorrect. Although the trial court was within its discretion to hold that there was insufficient evidence to establish that the entire cash amount as testified to by Appellant was actually given to Appellee, the court should not have simply deducted $22,000 from the damages. The magistrate determined, and no party challenged on appeal, that there was at least $12,177.62 in damages owed Appellant without considering the disputed cash transaction. The magistrate apparently believed Ponzi as to the cash transaction and then awarded Appellant $10,000 of the disputed amount (due to the acknowledgment of the parties that Trimboli was given $10,000 to pay Ponzi's lawyer and because Ponzi received $2,000 from Trimboli while in prison). The trial judge erred by not finding that Ponzi gave Trimboli at least $10,000, because both parties agreed on this point and there was no evidence to the contrary. The attorney himself testified that he received $10,000 in cash. The trial court should have reduced the damages award by $10,000 instead of $22,000, and

the judgment is modified such that the final award to Ponzi is $12,177.62 instead of $177.62.

## Case History

{¶2}   In May of 2007, Ponzi rented a safe deposit box at Charter Bank. The day after Ponzi rented the box, he and Trimboli went to the bank and opened it together. Ponzi and Trimboli were friends and had known each other for many years, primarily because they worked together in Trimboli's entertainment company. While they were examining the contents, Ponzi gave Trimboli a package with cash in it (described by Ponzi as a Little Debbie box filled with cash). The total amount of cash given to Trimboli is disputed by the parties. Ponzi testified that the amount was $22,000, but both parties agree that the amount was at least $10,000. The parties also agree that Trimboli was to give $10,000 of this money to Ponzi's lawyer as a retainer fee, and Ponzi did as instructed.

{¶3}   On November 1, 2007, Ponzi executed a broad power of attorney in favor of Trimboli. Over the next two years, Trimboli obtained control over various assets belonging to Ponzi, including bank and credit union accounts, employment checks, savings bonds, and cash, amounting to over $12,000, in addition to the alleged $22,000 given to Trimboli in May of 2007. Trimboli also acquired control over various tangible assets, such as automobiles, clothing and jewelry. Over the next two years, Ponzi became dissatisfied with actions taken by Trimboli using the power of attorney. On November 2, 2009, Ponzi filed a *pro se* nine-count complaint against Trimboli in the Mahoning County Court of Common Pleas. The counts included breach of fiduciary duty and conversion.

**{¶4}** In discovery, Ponzi, continuing to act *pro se*, delivered a set of interrogatories to Trimboli in which Ponzi asked what had become of the cash left over from the May of 2007 transaction after Trimboli had paid Ponzi's lawyer. (Plaintiff's Exh. 25, Interrogatory No. 11.) Trimboli's response was that no cash was received from Ponzi other than $10,000 for legal fees.

**{¶5}** The case was heard before a magistrate. Final hearing was held on January 11, 2012. Ponzi first testified that he took $18,000 out of a USBank account and placed the cash in a safe deposit box. (Tr., p. 49.) Ponzi then testified that he gave Trimboli $22,000 in cash in a Little Debbie's box from the safe deposit box, and that he left $3,100 in the safe deposit box. (Tr., pp. 50-51.) Ponzi testified that the cash had been withdrawn from a USBank account in his name. He also testified that he could not find any records from that account and could not obtain these records from the bank because he was incarcerated. (Tr., p. 95.) Despite this assertion, he produced a bank statement from this account that he submitted at trial, along with many other financial records from other financial institutions.

**{¶6}** Trimboli testified that, on the day after Ponzi had rented the safe deposit box, the two of them went to the bank and Trimboli became a signatory so that he could obtain access to the box. (Tr., p. 104.) While they were at the bank, Ponzi gave him a large amount of cash wrapped up and stuffed in a Little Debbie box. (Tr., p. 114.) Ponzi told him there was $10,000 in the bundle, and at some point Trimboli counted the money and determined there was $10,000. (Tr., pp. 114, 143.) Ponzi told him the money was to pay the retainer fee for his attorney and that he took

it out of one of his wife's bank accounts. (Tr., p. 146.) Trimboli was to, and did, deliver the money to Ponzi's attorney. (Tr., p. 114.)

{¶7} Ponzi's attorney in his criminal case, Benjamin Joltin, testified that he received $10,000 in cash from Trimboli as payment from Ponzi. (Tr., p. 28.)

{¶8} On August 29, 2012, the magistrate found that Ponzi had proven that he gave $34,177.62 in cash or other intangible assets to Trimboli, including the $22,000 cash amount in dispute, and that only $12,000 of that amount could be accounted for ($10,000 to Ponzi's lawyer, and $2,000 in cash that had been sent directly to Ponzi in prison). The magistrate awarded judgment in favor of Ponzi in the amount of $22,177.62.

{¶9} Trimboli filed objections on August 29, 2012. Trimboli argued that there was no proof that Ponzi gave him $22,000, and that the amount was actually $10,000. The court, after reviewing the hearing transcript and the exhibits, determined that there was insufficient evidence that Ponzi gave Trimboli $22,000 in cash, particularly since there was no written proof of the source of the funds. The court deducted the entire $22,000 from the magistrate's award leaving a net judgment in favor of Ponzi in the amount of $177.62. This timely appeal followed. Appellant presents three assignments of error, which will be treated together.

<u>ASSIGNMENTS OF ERROR NOS. 1, 2 and 3</u>

FINANCES OF APPELLANT'S ASSETS NEED TO BE AMENDED DUE TO MATHEMATICAL ERROR FOUND IN JUDGEMENT [SIC] ENTRY.

APPELLEE'S ATTORNEY CREATES A VOLUNTARY CONEYANCE [SIC] OF UNNECESSARY INFLUENCE WHICH WAS UNRELATED TO THIS CASE AND TO THE COURT SYSTEM.

BECAUSE APPELLEE WAS FOUND ABUSIVE OF HIS P.O.A. OTHER FINANCES WERE OVERLOOKED BY THE TRIAL COURT AND NOT AWARDED TO THE APPELLANT.

**{¶10}** Appellant's argument on appeal is that the trial court made a mathematical error when it deducted $22,000 from the judgment (the amount he allegedly gave to Trimboli in cash in May of 2007). Appellant argues that the trial court should only have reduced the magistrate's judgment by $12,000, because all parties agreed that Ponzi gave at least $10,000 to Trimboli to pay Ponzi's attorney. We agree with Appellant that the trial court erred in deducting $22,000, but because the magistrate had already reduced Appellant's damages by $10,000 given in attorney fees and $2,000 undisputedly sent to Appellant in prison, it is apparent that the award should have been reduced by $10,000.

**{¶11}** The trial court's standard of review of a magistrate's decision is *de novo*. *Kniszek v. Kniszek*, 7th Dist. No. 08 JE 30, 2009-Ohio-3249, ¶26, citing *Shihab & Assoc. Co., L.P.A. v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, 860 N.E.2d 155, ¶13. An appellate court reviews a trial court's ruling on a magistrate's decision only for abuse of discretion. *Briarwood v. Bratanov,* 9th Dist. No. 23318, 2007-Ohio-2476, ¶9. An abuse of discretion connotes an attitude that is

unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} Appellant first argues that the trial court erred in concluding that he failed to prove he gave Appellee cash in the amount of $22,000. The record shows, though, that Appellant provided contradictory evidence about this amount, and the $22,000 figure was not corroborated by any other witness or by any documentary evidence. It is not even clear from the record whether Appellant himself believed the amount was $22,000, because he also seemed to state that this amount might be $18,000, or $25,000. His explanation at trial as to why he could not get any records from USBank about the withdrawal of this large amount of cash was that he was incarcerated at the time. (Tr., p. 95.) However, he was able to produce many other documentary records, including bank records from USBank to establish the remaining monetary claims in this case. On appeal, Appellant argues that he could not get the USBank records on this transaction because he could not get his account number from Trimboli. Yet, the account number is listed on Plaintiff's Exhibit 20, which is a bank record from USBank used by Appellant at trial and admitted as evidence. After examination of Appellant's own contradictory evidence, and his untenable explanations as to why he had no records of the source of the alleged $22,000, the trial court was well within its discretion to decide that this amount was unproven.

{¶13} Appellant is correct, though, that the trial court erred by simply deducting $22,000 from the magistrate's calculations without taking into account that there was no dispute that Ponzi gave Trimboli at least $10,000 in cash to pay Ponzi's

attorney. Trimboli testified that he received $10,000, that he counted the money, and that he delivered the $10,000 to the attorney. The attorney confirmed that he received $10,000 in cash. Trimboli's objection to the magistrate's decision was not that he received no cash from Ponzi, but that it amounted to only $10,000 rather than $22,000. Also, the trial court ignores the uncontested evidence that Trimboli sent Ponzi $2,000 in cash while Ponzi was incarcerated. Therefore, the trial court should only have deducted $10,000 from the amount of damages as determined by the magistrate's decision ($22,000 minus the $10,000 that all witnesses agreed was given to Trimboli and $2,000 that was sent to Ponzi in prison).

{¶14} The trial court agreed with that part of the magistrate's decision finding that there were $12,177.62 in other assets given to Trimboli and unaccounted for. These were: $3,100 cash in a safe deposit account, $2,100 cash in a lock box, $2,456.34 in a Tri-County Credit Union Account, $3,562.43 in US Savings Bonds, $690.95 in employment checks, and $267.90 in other bank accounts. Adding the $10,000 cash that was used to pay the lawyer and $2,000 that was sent to Appellant, the minimum amount of total assets found on the record and undisputed by any party was $24,177.62. The record then reflects that $12,000 in deductions should be made from the total assets ($10,000 to Ponzi's attorney, and $2,000 cash paid to Ponzi). This leaves $12,177.62.

{¶15} Appellant attempts to raise several other alleged factual and mathematical errors in the trial court's judgment, but Appellant did not file objections to the magistrate's decision. Therefore, he cannot raise these errors for the first time on appeal. It was Trimboli who filed objections, not Appellant, and the only error

argued by Trimboli was that in May of 2007 he received no more than $10,000 in cash from Ponzi. Failure to file objections to a magistrate's factual or legal conclusions results in a waiver of error on appeal, except for plain error. Civ.R. 53(D)(3)(b)(iv); *Chalker v. Steiner*, 7th Dist. No. 08 MA 137, 2009-Ohio-6533, ¶40. Plain error is recognized in a civil case only in an, "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Gable v. Gates Mills*, 103 Ohio St.3d 449, 2004-Ohio-5719, ¶43.

{¶16} Appellant has not shown that there was plain error, and in fact, does not even present the appropriate plain error arguments. He simply disagrees with the valuations of some of the assets and claims that the court should have awarded him attorney fees and court costs. He cites no statute, rule or case that would require the court to change the valuations or award attorney fees and costs. Ohio generally follows the "American Rule," which does not allow a prevailing party in a civil action to recover fees as part of the cost of litigation. *State ex rel. Doe v. Smith*, 123 Ohio St.3d 44, 2009-Ohio-4149, 914 N.E.2d 159, ¶18. Since no plain error has been established, Appellant's failure to file objections to the alleged errors constitutes a waiver of those errors on appeal. Therefore, we overrule Appellant's second and third assignments of error.

{¶17} Appellant's first assignment of error is sustained. The trial court erred in deducting $22,000 from the judgment without also adding back into the judgment the undisputed $10,000 in cash delivered to Trimboli and the $2,000 it was

uncontested Appellant received while incarcerated. All parties agreed that the disputed amount totaled at least $10,000, and the remaining assets and deductions are not in dispute in this appeal. The issues raised in Appellant's second and third assignments of error have been waived because of his failure to file objections to the magistrate's decision. The judgment of the trial court in favor of Appellant is hereby modified to $12,177.62.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.

APPROVED:

_____

CHERYL L. WAITE, JUDGE