[Cite as *State v. Holmes*, 2015-Ohio-3672.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102184**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DESMON HOLMES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-502442-A

**BEFORE:** McCormack, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 10, 2015

**ATTORNEY FOR APPELLANT**

Matthew M. Nee
Nee & Bittinger, L.L.C.
26032 Detroit Rd.
Suite 5
Westlake, OH 44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Anthony Thomas Miranda
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Desmon Holmes, appeals from his sentence imposed by the Cuyahoga Court of Common Pleas. This is his fourth appeal regarding his conviction and sentence for a rape he committed in 2007. For the following reasons, we affirm the trial court's judgment.

## Procedural Background

**{¶2}** In 2007, Holmes was charged with rape and kidnapping. He gave the victim a ride in exchange for gas money, but then parked his car behind a building and raped her. A jury found him guilty. The trial court merged rape and kidnapping and imposed a 10-year prison term. This court confirmed his conviction in *State v. Holmes*, 8th Dist. Cuyahoga No. 91948, 2009-Ohio-3736, *appeal not accepted*, 124 Ohio St.3d 1507, 2010-Ohio-799, 922 N.E.2d 970.

**{¶3}** Subsequently, in 2009, Holmes filed a petition for postconviction relief, arguing his trial counsel rendered ineffective assistance by failing to retain an expert. The trial court dismissed the petition on res judicata grounds. This court affirmed in *State v. Holmes*, 8th Dist. Cuyahoga No. 96479, 2011-Ohio-5848.

**{¶4}** In May 2012, the trial court filed a nunc pro tunc entry to reflect that the five-year term of postrelease control ordered at sentencing in 2008 was mandatory.

{¶5} Almost a year later, in April 2013, Holmes filed a motion to vacate or set aside the May 2012 nunc pro tunc sentencing entry. The trial court summarily denied his motion. This court granted Holmes's delayed appeal to challenge the trial court's nunc pro tunc sentencing journal entry and the denial of his motion to vacate or set aside the judgment and sentence. This court found merit to his appeal, and it reversed and remanded for resentencing in *State v. Holmes*, 8th Dist. Cuyahoga No. 100388, 2014-Ohio-3816.

{¶6} In that appeal, Holmes contended that at the original sentencing, the trial court erred by imposing a prison term of 10 years each on the rape count and the kidnapping count (which the court had found to be allied) before merging the sentence. This court found merit to his claim and also found that the doctrine of res judicata did not bar the claim, because the sentence was void. This court therefore reversed his sentence and remanded the matter to the trial court to conduct a new sentencing hearing. The state was to make an election on which count survived merger, and the court was to impose sentence only on that count; the trial court was to also advise Holmes regarding the assessment of costs, unless waived, and also properly advise Holmes of postrelease control. *Id.* at ¶ 25.

{¶7} Upon remand, on October 9, 2014, the trial court held a resentencing hearing. The state elected to proceed on the rape count for sentencing, and the trial court imposed a ten-year sentence. The court also imposed the mandatory five-year postrelease control. The sentencing entry was dated October 14, 2014.

{¶8} On November 10, 2014, Holmes, pro se, filed an appeal from his new sentence in *State v. Holmes*, 8th Dist. Cuyahoga No. 102184. In the notice of appeal, he stated the ground for the appeal was ineffective assistance of the trial counsel at his resentencing hearing.

{¶9} On December 17, 2014, however, the trial court held another resentencing hearing. The court explained that the October 9, 2014 resentencing hearing took place before the physical file of the case was returned to the trial court and, therefore, it would hold another resentencing hearing out of "an abundance of caution." The court again imposed a ten-year term. On December 31, 2014, the trial court journalized the sentence entry. The October and December sentencing entries are identical.

{¶10} After the parties filed the respective appellant and appellee briefs in Appeal No. 102184 (the instant appeal), on April 30, 2015, Holmes, represented by counsel, appealed from the second (December 31, 2014) sentencing order, in Appeal No. 102975. This court dismissed that appeal for untimeliness but permitted Holmes to file an amended notice of appeal to include the December 31, 2014 order as part of the instant appeal. Consequently, both the October and December sentencing entries are now before this court for review.

## The Instant Appeal

**{¶11}** The sole assignment of error in the instant appeal states: "[t]he trial court erred by resentencing Holmes after he filed a notice of appeal." Holmes argues the trial court did not have jurisdiction to hold the second resentencing hearing on December 17, 2014. He asserts that, once a notice of appeal is filed, the trial court is divested of jurisdiction in the matter. He seeks a remand to the trial court for resentencing .

**{¶12}** Holmes is correct as to his argument about jurisdiction. Once an appeal is taken, the trial court is divested of jurisdiction in the matter. *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 722 N.E.2d 73 (2000) (once an appeal is taken, the trial court is divested of jurisdiction except over issues not inconsistent with that of the appellate court to review, affirm, modify, or reverse the appealed judgment, such as the collateral issues like contempt).

**{¶13}** Holmes appealed his October 2014 resentence on November 10, 2014. Therefore, the trial court was without power to take further action in the matter. It did not have jurisdiction to hold another resentencing hearing on December 17, 2014. We agree with Holmes as to the argument that the trial court erred in resentencing him a second time on December 17, 2014.

**{¶14}** Holmes, however, assigns no errors regarding the sentence imposed by the trial court on October 9, 2014 — he does not claim his trial counsel rendered ineffective assistance of counsel or the trial court improperly resentenced him without waiting for the return of the physical file. He apparently believed that the October sentence was

somehow replaced or voided by the second resentence in December. Holmes is mistaken here. As he himself asserts, and this court agrees, the trial court was without jurisdiction to hold the second resentencing hearing in December 2014. By way of his appeal, only this court has the authority to modify, reverse, or vacate the October sentence after November 10, 2014.

{¶15} Holmes does not claim any errors regarding his sentence imposed on October 9, 2014, upon remand from this court that would entitle him to relief.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION ATTACHED)

MELODY J. STEWART, J., CONCURRING IN JUDGMENT ONLY:

**{¶17}** I concur with the majority's decision to affirm this case. I write separately, however, because I am not convinced that the trial court lacked jurisdiction to conduct the December 2014 resentencing of Holmes.

**{¶18}** "The general rule of law is that the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided" except "to take action in aid of the appeal, until the case is remanded to it by the appellate court." *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Further, the Supreme Court has stated that "the trial court does retain jurisdiction over issues *not inconsistent* with that of the appellate court to review, affirm, modify or reverse the appealed judgment * * *." (Emphasis added.) *Id.*

**{¶19}** The two resentencing entries were virtually identical in substance (there was a minor change to reflect jail-time credit), so the trial judge did not do anything that would interfere with this court's jurisdiction. In fact, the resentencing arguably was "in aid of the appeal" because it ensured that the sentence itself was proper in all respects. In cases where the trial judge acts after a notice of appeal has been filed, but simply clarifies a judgment, this court has considered it to have been done in aid of the appeal. *See, e.g., In re Bailey*, 8th Dist. Cuyahoga No. 101108, 2015-Ohio-413, fn. 2 (judgment entry issued on reconsideration after a notice of appeal was filed clarified judge's decision so it was construed as being in aid of the appeal). In this respect, Holmes's reliance on *State v. Leach*, 8th Dist. Cuyahoga No. 84794, 2005-Ohio-1870, is misplaced.

In *Leach*, this court found that a trial court was without authority to rule on the defendant's motion to withdraw guilty plea because the defendant had already filed an appeal — this led to the possibility that the trial judge could vacate a guilty plea that this court might uphold on appeal. The second resentencing in this case was akin to a nunc pro tunc entry because it changed nothing about the judgment; indeed, it was superfluous for that reason.

{¶20} Assuming for the sake of argument that the court lacked jurisdiction to conduct the second resentencing, thus rendering it void, and the first resentencing entry remained the valid resentencing entry, as the majority notes, Holmes has not asserted that any error occurred in the first resentencing. In other words, Holmes is arguing that he is entitled to a new sentencing when he fails to raise any error with regard to his resentencing. I therefore agree with the majority's decision to affirm the trial court.